IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN R. RAMIREZ, <br> TDCJ #1298935, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent.[1] | § § § § § § § § § § § § § | CIVIL ACTION NO. H-08-3494 |

# **MEMORANDUM AND ORDER**

Texas inmate Juan R. Ramirez (TDCJ #1298935) has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. The respondent has answered with a motion for summary judgment, arguing that Ramirez is not entitled to relief. [Doc. # 13]. Ramirez has filed a response. [Doc. # 14]. After considering all of the pleadings, the state court records, and the applicable law, this Court **grants** the respondent's motion for summary judgment and **dismisses** this case for reasons set forth below.

---

[1]  The petition names Nathaniel Quarterman as the respondent. Because Quarterman has retired as Director of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes his replacement, Rick Thaler, as the proper respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

**I.      BACKGROUND**

Ramirez is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), who seeks habeas corpus relief in federal court from a state court felony conviction. According to the state court records, a Harris County grand jury returned indictments against Ramirez in cause numbers 984839 and 984840, alleging that he committed intoxication assault by driving his vehicle while legally drunk and colliding into another vehicle, causing two of its passengers (John Holloway and Anthony Lesser) to suffer serious bodily injury. The State of Texas enhanced the indictments for purposes of punishment with allegations that Ramirez had a prior felony conviction for aggravated assault on a public servant. A jury in the 351st District Court found Ramirez guilty as charged. After Ramirez conceded that the enhancement allegation was true, the same jury made an affirmative finding that his vehicle qualified as a deadly weapon and sentenced him to serve fifteen years in prison.

On direct appeal, Ramirez challenged the legal and factual sufficiency of the evidence in support of his conviction for intoxication assault. Specifically, Ramirez complained that the evidence was insufficient to show that he was driving the car that caused the victims' injuries. The state court of appeals found that the evidence was sufficient after outlining the following proof presented at trial:

> In the early morning hours of April 3, 2004, Chuck Ratcliff, Jr.'s Mustang was broadsided by a Cadillac that ran a red light and was driving more than 20 miles per hour over the speed limit. Ratcliff's airbags deployed, so he and his front-seat passenger, Navid Hajazimzanjani ("Navid"), were relatively unharmed. The two backseat passengers, Tony Lesser and John

Holloway, the complainants, however, were knocked unconscious, could not be revived, and were "kind of snoring and making gurgling noises."

The Cadillac, which was owned by [Ramirez]'s sister, came to a stop by a tree that prevented the driver's door from opening. After the impact, Ratcliff looked over at the Mustang and saw a man wearing a light-colored t-shirt and blue jeans standing a few feet from the passenger side doors of the Cadillac, touching his forehead, and looking down. He then saw a second man wearing a t-shirt and light-colored baggy pants, crawling out of the Cadillac through the front passenger side door. The second man, who was later determined to be [Ramirez], did not appear to be injured or bleeding.

Navid testified that he looked over and saw the two men and noticed that the man on the passenger side of the Cadillac was bleeding from his head onto his shirt and was constantly checking his wounds. Navid was about to call for emergency assistance when Officer Charles Allen arrived. Officer Allen, from the Houston Police Department, Traffic and Accident Enforcement, DWI Task Force, was in the area when he heard the accident.

Officer Allen asked [Ramirez] for his driver's license, but he did not have one. He told [Ramirez] and the bleeding man from the Cadillac to sit on the sidewalk while he checked on the Mustang's occupants. Officer Allen discovered the severity of [Lesser]'s and Holloway's injuries and called for a "heavy rescue unit." While making the call, a wrecker driver yelled, "They're running." Officer Allen turned to see [Ramirez] and the bleeding man run in different directions. Officer Allen chased [Ramirez] through a park and caught him. [Ramirez] explained that he ran because he did not have a driver's license.

[Ramirez], who had no blood, cuts, or bruises on his face or head, was taken to the hospital for a blood test. Blood test results showed that [Ramirez] had a blood/alcohol content of .137 grams per 100 milliliters of blood.

Officer Allen examined the Cadillac and found that the driver's airbag had deployed, and there was no blood on the airbag. There was a crack on the windshield on the passenger's side, and there was fresh blood by the crack on the windshield as well as on the seats, windows, and door frame on the passenger's side of the car. Officer Allen testified that he believed that the man who was bleeding was in the passenger's seat, without his seatbelt on, at the time of the collision. Frank Martinez from the Houston Police Department,

> Crime Scene Unit, Vehicle Examiner, testified that the blood samples collected from the Cadillac indicated that it was not [Ramirez]'s blood.
>
> The medical records reflected that Holloway suffered a lacerated spleen and a closed head injury resulting in a nine-day hospitalization and months of physical therapy. Lesser had an acute subdural hematoma that required neurosurgery and a two-week hospitalization. Lesser spent one and one half months in rehabilitation.

*Ramirez v. State*, No. 01-05-00383-CR & 01-05-00384-CR, 2006 WL 1549750, *1-2 (Tex. App. — Houston [1st Dist.] June 8, 2006). Based on this evidence, the court of appeals rejected Ramirez's appeal and affirmed the conviction in an unpublished opinion. *See id.* at 2006 WL 1549750, *4. Thereafter, on October 8, 2008, the Texas Court of Criminal Appeals refused Ramirez's petition for discretionary review.[2]

Ramirez now seeks a federal writ of habeas corpus to challenge his state court conviction under 28 U.S.C. § 2254. In his pending petition, Ramirez complains as he did on

---

[2] Ramirez filed state habeas corpus applications in cause numbers 984839 and 984840, complaining that he was denied effective assistance of counsel on appeal. These applications were dismissed on November 8, 2006, because Ramirez's direct appeal was still pending. *See Ex parte Ramirez*, Nos. 66,006-01 & 66,006-02. Ramirez filed a motion for leave to file a petition for a writ of mandamus. *See Ex parte Ramirez*, No. 66,006-03 Thereafter, Ramirez filed a second set of state habeas corpus applications in cause numbers 984839 and 984840, complaining that he was denied the right to file a petition for discretionary review because he received ineffective assistance of counsel on appeal. *See Ex parte Ramirez*, Nos. 66,006-04 & 66,006-05. The Texas Court of Criminal Appeals granted relief and allowed Ramirez leave to file an "out-of-time" petition for discretionary review. *See Ex parte Ramirez*, AP 75,936 & 75,937 (June 20, 2008). After the Texas Court of Criminal Appeals refused his petition for discretionary review on October 2, 2008, Ramirez filed a third set of state habeas corpus applications in cause numbers 984839 and 984840, raising claims of ineffective assistance of counsel at trial and on appeal. Ramirez also raised a claim of prosecutorial misconduct. The state habeas corpus court, which also presided over the trial, entered findings of fact and concluded that Ramirez was not entitled to relief. The Texas Court of Criminal Appeals agreed and denied relief on February 4, 2009. *See Ex parte Ramirez*, Nos. 66,006-06 & 66,006-07. Ramirez has not raised any of the claims from his state habeas corpus proceedings on federal habeas corpus review.

appeal that the evidence was legally and factually insufficient to support his conviction. Ramirez argues further that the state court's decision to reject his claims is "contrary to, or involves an unreasonable application of" clearly established federal land and that the decision is also based on an "unreasonable determination of the facts." [Doc. # 1, at 7]. The respondent has filed a motion for summary judgment, arguing that Ramirez fails to show that he is entitled to federal habeas corpus relief. [Doc. # 13]. Ramirez disagrees. [Doc. # 14]. These contentions are addressed under the applicable federal habeas corpus standard of review, which is set forth below.

## II. STANDARD OF REVIEW

The respondent's motion for summary judgment must be determined in compliance with the federal habeas corpus statutes. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002). Federal habeas corpus proceedings filed after April 24, 1996 are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA was enacted, at least in part, to ensure comity, finality, and deference to state court determinations by limiting the scope of collateral review and raising the standard for federal habeas relief. *See Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003) (citations omitted). The federal habeas corpus statutes amended by the AEDPA, codified at 28 U.S.C. § 2254(d), set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted). Specifically, the AEDPA "modified a federal

habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (quotation omitted).

To the extent that the petitioner's claims were adjudicated on the merits in state court, the AEDPA standard applies. For claims adjudicated on the merits, the AEDPA standard provides that a petitioner is not entitled to relief unless he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000); *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409. The focus of this objective reasonableness inquiry is on the state court's ultimate decision, not whether the state court "discussed every angle of the evidence." *Dale v. Quarterman*, 553 F.3d 876, 879 (5th Cir. 2008) (quoting *Neal v.*

*Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)), *cert. denied*, — U.S. —, 2009 WL 3162010 (Oct. 5, 2009).

The deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision. *See Early v. Packer*, 537 U.S. 3, 7 (2002). Likewise, a federal habeas corpus court's inquiry under § 2254(d)(1) is not altered where the state court denies relief without a written opinion. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). For such a situation, a reviewing court (1) assumes that the state court applied the proper "clearly established Federal law"; and (2) then determines whether its decision was "contrary to" or "an objectively unreasonable application of" that law. *Id.* (citing *Catalan v. Cockrell*, 315 F.3d 491, 493 & n.3 (5th Cir. 2002)).

A state court's findings and conclusions are entitled to deference unless the petitioner shows that they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008), *cert. denied*, — U.S. —, 129 S. Ct. 1306 (2009). A state court's findings of fact are presumed to be correct on federal habeas review, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)); *see also Sumner v. Mata*, 455

7

U.S. 591, 597 (1982) (holding that findings by a state appellate court are entitled to the same deference owed to findings by trial courts). The petitioner's claims, which are construed liberally as required by *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are discussed below under this deferential standard.

## III.   DISCUSSION — SUFFICIENCY OF THE EVIDENCE

### A.   Factual Sufficiency

Ramirez contends that the evidence was factually insufficient to support his conviction for intoxication assault because the prosecution failed to prove that he was driving the car that caused the victims' injuries. As noted above, the state court of appeals found that there was sufficient evidence to support Ramirez's conviction as a matter of Texas law. *Ramirez v. State*, No. 01-05-00383-CR & 01-05-00384-CR, 2006 WL 1549750 (Tex. App. — Houston [1st Dist.] June 8, 2006, pet. ref'd). The respondent correctly notes that any challenge to the factual sufficiency of the evidence is not cognizable on federal habeas corpus review.

A federal habeas corpus court reviewing a petition under 28 U.S.C. § 2254 asks only whether a constitutional violation infected the petitioner's state trial. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). Under Texas law, evidence is factually insufficient as a matter of law if the proof adduced at trial does not conform to the elements listed in the jury charge. *See Brown v. Collins*, 937 F.2d 175, 176 (5th Cir. 1991). This determination is one based on state evidentiary law and, therefore, presents no issue of "constitutional caliber." *Id.*; *see also Pemberton*, 991 F.2d at

1223 (explaining that state evidentiary law "has no effect on our review of the constitutionality of a trial, unless it is asserted that the state law itself violates the Constitution"). Because Ramirez's challenge to the factual sufficiency of the evidence does not implicate a constitutional issue, federal habeas corpus review is unavailable for this claim.

### B. Legal Sufficiency

On federal habeas corpus review, the evidentiary sufficiency of a state court conviction is governed by the legal-sufficiency analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), which reflects the federal constitutional due process standard. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002); *see also West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996) (explaining that, "in challenges to state convictions under 28 U.S.C. § 2254, only *Jackson* [*v. Virginia*] need be satisfied, even if state law would impose a more demanding standard of proof") (quotation and citations omitted). This standard requires only that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. In conducting that review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the verdict. *See Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).

Ramirez was convicted of committing the felony offense of intoxication assault with a motor vehicle. Under the circumstances of Ramirez's case, a person commits an offense

9

if, by accident or mistake, he causes "serious bodily injury" to another "while operating a motor vehicle in a public place while intoxicated[.]" TEX. PENAL CODE § 49.07(a)(1). "Serious bodily injury," in such a case, "means injury that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." *Id.* at § 49.07(b). In support of his contention that the evidence was legally insufficient, Ramirez repeats his claim that the evidence was insufficient to show that he was driving or operating the car that struck and injured the victims. Ramirez argues, therefore, that the State failed to prove this element of its case.

The state court of appeals found that the evidence was legally sufficient to establish that Ramirez was the intoxicated driver or operator of the motor vehicle that caused the complainants' injuries:

> We review the legal sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented at trial, we may not re-weigh the evidence and substitute our judgment for that of the fact finder. *King*, 29 S.W.3d at 562.
>
> \* \* \* \*
>
> "Driver" or "Operator"
>
> In point of error one, [Ramirez] argues that the evidence is legally and factually insufficient "to sustain the verdict as to the element of 'driver' or 'operator' of a motor vehicle."
>
> To sustain a conviction for intoxication assault, the State must prove beyond a reasonable doubt that a defendant operated a motor vehicle in a

10

> public place while intoxicated and, by reason of that intoxication, caused serious bodily injury to another. TEX. PEN. CODE. ANN. § 49.07 (Vernon 2003). [Ramirez], who testified at trial, admitted all of the elements of the offense except that he was the operator of the vehicle.
>
> Navid testified that he saw [Ramirez] get out of the passenger's side door of the Cadillac immediately after the other man who was bleeding. Ratcliff testified that, right after the collision, he saw a man, wearing a t-shirt and blue jeans, bleeding and standing a few feet away from the car. He then saw a second man, who was wearing a t-shirt and light-colored baggy pants and did not appear to be injured, crawl out of the passenger's side door. [Ramirez] testified that he was wearing white, baggy pants the night of the accident.
>
> [Ramirez] fled the scene. Flight is a circumstance from which an inference of guilt can be drawn. *McWherter v. State*, 607 S.W.2d 531, 535 (Tex. Crim. App. 1980). [Ramirez] said that he ran from the scene because he did not have a driver's license. It can be inferred that, because the driver is the only one who needs a driver's license, [Ramirez] must have been the driver.
>
> Further, the physical evidence indicates that [Ramirez] was the driver of the Cadillac. [Ramirez], unlike his friend, was not bleeding. There was no blood on the driver's side airbag, but there was blood on the cracked windshield on the passenger's side of the car that had no airbag. Moreover, a DNA analysis revealed that the blood found in the car did not match [Ramirez]'s blood.
>
> Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that [Ramirez] was the driver of the Cadillac. Accordingly, we hold that the evidence was legally sufficient to support the conviction.

*Ramirez v. State*, No. 01-05-00383-CR & 01-05-00384-CR, 2006 WL 1549750, at *2-3 (Tex. App. — Houston [1st Dist.] June 8, 2006, pet. ref'd). The state court of appeals went on to find that the evidence was also factually sufficient, noting that "the physical and other circumstantial evidence as outlined above was more than ample to support the conviction." *See id*. at *3.

Where, as here, a state appellate court has reviewed the sufficiency of the evidence, that court's opinion is entitled to "great weight." *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985) (citing *Jackson*, 443 U.S. at 310, n. 15); *see also Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) ("Where a state appellate court has conducted a thoughtful review of the evidence . . . its determination is entitled to great deference"). As indicated above, the AEDPA presumes the correctness of state court findings of fact, and places a "clear and convincing" burden on the petitioner who attempts to rebut that presumption. 28 U.S.C. § 2254(e)(1); *see also Sumner v. Mata*, 455 U.S. 591, 597 (1982) (holding that findings by a state appellate court are entitled to the same deference owed to findings by trial courts). Ramirez has not attempted to rebut any of the fact findings and, therefore, the state court's findings are presumed correct for purposes of federal habeas corpus review.

Ramirez insists that the state court's decision is erroneous because two police officers gave conflicting testimony about whether the windshield of his vehicle was cracked on the driver's side or the passenger side. Ramirez argues that the conflicting testimony raises doubts about the credibility of the prosecution's evidence showing that he was the drunk driver who hit the victims. To the extent that Ramirez asks this Court to re-weigh the evidence and decide if the jury's decision was correct, this is "beyond the scope of review" permitted by *Jackson v. Virginia*. *Schlup v. Delo*, 513 U.S. 298, 330 (1995) (discussing the standard for challenges to the legal sufficiency of the evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979)). As set forth above, the evidence is sufficient under the *Jackson* standard, if "after viewing the evidence in the light most favorable to the prosecution, any

12

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.  Under this standard, "[a]ll credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (citation omitted).

Apart from his argument about the cracked windshield on his vehicle, Ramirez does not dispute any of the other evidence, which included eye-witness accounts and blood from Ramirez's vehicle, showing that he was the driver and not the passenger as he claimed at trial.  Based on its own review of the record, this Court concludes that a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. Ramirez fails to show that his conviction was supported by insufficient evidence in violation of the *Jackson v. Virginia* standard and he does not show that the state court's decision to reject his claim was objectively unreasonable or otherwise based on an incorrect determination of the facts.  Thus, Ramirez is not entitled to relief under the governing federal habeas corpus standard of review.

## IV.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability,

an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

## V. CONCLUSION AND ORDER

Based on the foregoing, the court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 13] is **GRANTED**.

2. The petition for a writ of habeas corpus [Doc. # 1] is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on November 23rd, 2009.

Nancy F. Atlas
United States District Judge